NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3358, - 3359

YURI J. STOYANOV,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Yuri J. Stoyanov, of Fulton, Maryland, pro se.

Raymond W. Angelo, Acting Associate General Counsel, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3358, -3359

YURI J. STOYANOV,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

———————————————

DECIDED:  February 12, 2007

———————————————

Before SCHALL, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

## DECISION

Yuri J. Stoyanov petitions for review of two final decisions of the Merit Systems Protection Board ("Board") that dismissed his appeals for lack of jurisdiction.  <u>Stoyanov v. Merit Sys. Prot. Bd.</u>, No. DC-1221-06-0160-W-1 (M.S.P.B. July 27, 2006) ("<u>First Final Decision</u>"); <u>Stoyanov v. Merit Sys. Prot. Bd.</u>, No. DC-531D-06-0228-I-1 (M.S.P.B. Aug. 3, 2006) ("<u>Second Final Decision</u>").[1]  We <u>affirm</u>.

---

[1]    The Board treated the appeals separately, but they have been consolidated before this court.

DISCUSSION

I.

Mr. Stoyanov is a scientist with the Naval Surface Warfare Center at Carderock, Maryland. Stoyanov v. Dep't of the Navy, No. DC-1221-06-0160-W-1 (M.S.P.B. July 27, 2006) ("First Initial Decision"). After coming to the belief that the Navy had discriminated against him and his brother,[2] he filed Equal Employment Opportunity ("EEO") complaints with the Equal Employment Opportunity Commission ("EEOC"). Mr. Stoyanov alleges that after he filed those complaints, the Navy retaliated against him. As a result, Mr. Stoyanov filed complaints with OSC alleging that the Navy's retaliation was because of his disclosure that the Navy had failed to follow its rules and regulations prohibiting discrimination and had violated its "zero tolerance policy" on discrimination. Id. at 2-3. Mr. Stoyanov claims that the retaliation was that he was denied a within-grade pay increase ("WIGI"), had a three-day suspension proposed, was issued a Letter of Reprimand, and had "discriminatory restrictions" imposed on him. Id. After OSC informed Mr. Stoyanov that it would not pursue his claims, he filed an IRA appeal with the Board in which he claimed that the discrimination to which he allegedly had been subjected was in reprisal for protected whistleblowing activities under the Whistleblower Protection Act ("WPA"). First Initial Decision at 3. Later, Mr. Stoyanov filed a second IRA appeal, after the OSC terminated investigations arising out of other complaints he

---

[2]     Mr. Stoyanov's brother, who also was employed at Carderock, filed a whistleblower complaint against the Navy with the Office of Special Counsel ("OSC"). After OSC terminated its inquiry in the matter, Mr. Stoyanov's brother brought an individual right of action ("IRA") appeal before the Board. On January 26, 2007, this court affirmed the Board's dismissal of the appeal for lack of jurisdiction. Stoyanov v. Dep't of the Navy, No. 2006-3363 (Fed. Cir. Jan. 26, 2007).

had filed. See Stoyanov v. Dep't of the Navy, No. DC-531D-06-0228-I-1, at 3 (M.S.P.B. March 22, 2006) ("Second Initial Decision").

In the First Initial Decision, the Administrative Judge ("AJ") to whom the appeal was assigned dismissed the appeal on the ground that the Board lacked jurisdiction. The AJ explained that Mr. Stoyanov had the burden of establishing Board jurisdiction by a preponderance of the evidence. First Initial Decision at 2. The AJ explained that an IRA appellant

> must show that he has exhausted his administrative remedies before the [OSC] and make nonfrivolous allegations that: (1) he engaged in whistleblowing activities by making a protected disclosure under 5 U.S.C. § 2303(b)(8); i.e., he disclosed information that he reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).

Id. at 2. The AJ further explained that Mr. Stoyanov had to present the precise grounds for his charge of whistleblowing to OSC and could not, on appeal, recharacterize or add to those grounds. Id. at 3. The AJ reviewed Mr. Stoyanov's September 23, 2005 complaint to OSC and OSC's October 26, 2005 letter terminating its investigation.[3] Id. The AJ determined that the proposed suspension was a "personnel action" under 5 U.S.C. § 2302(a)(2)(A), but that "discriminatory restrictions" were not. Id. at 3-4. The AJ also determined that "the extant record as provided by the appellant did not show that he engaged in protected whistleblowing activity; i.e., that he made disclosures protected under 5 U.S.C. § 2302(b)(8)." Id. at 4. In that regard, the AJ noted that Mr.

---

[3] The AJ noted that Mr. Stoyanov did not include in his September 23, 2005 complaint to OSC allegations relating to his WIGI denial and the issuance of a reprimand. The AJ therefore determined that those actions were not part of the appeal. First Initial Decision at 3. As will be seen, the WIGI denial was covered in the Second Initial Decision.

Stoyanov did not differentiate in his complaint between protected "EEO and Whistleblowing activities." Id. The AJ stated that

> [a]lthough reprisal against an individual who files an EEO complaint is a violation of 5 U.S.C. § 2302(b)(9), as well as a violation of the antidiscrimination statute furnishing the basis for the underlying complaint, the filing of an EEO complaint does not constitute whistleblowing activity protected under 5 U.S.C. § 2302(b)(8).

Id. at 4. Because the AJ found only EEO complaints underlying Mr. Stoyanov's IRA, which would not provide jurisdiction to the Board, he issued an Order to Show Cause in which he explained the jurisdictional issue and gave Mr. Stoyanov an opportunity to prove the Board had jurisdiction over his appeal. Id. at 6. The AJ found Mr. Stoyanov's reply "generally non-responsive" and insufficient to meet his burden to show jurisdiction. Id. The AJ therefore dismissed the appeal. Id. at 7.

The First Initial Decision became the First Final Decision of the Board when the Board denied Mr. Stoyanov's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). First Final Decision at 1-2.

II.

In the Second Initial Decision, the same AJ dismissed Mr. Stoyanov's second IRA appeal for lack of jurisdiction. Second Initial Decision at 5-6. In his second appeal, Mr. Stoyanov complained that the denial of a WIGI was reprisal for protected whistleblowing activity. Id. at 3. The AJ determined that Mr. Stoyanov had not exhausted his remedies with the OSC and therefore thought the Board might not have jurisdiction. Id. Specifically, the AJ thought that OSC had not affirmed its initial decision upon reconsideration. Id. The AJ thus issued an Order to Show Cause explaining the jurisdictional issues and Mr. Stoyanov's burden of proof. Id. 3-4. In response, Mr. Stoyanov submitted "a generally non-responsive pleading" and a January 19, 2006

letter from OSC advising Mr. Stoyanov that OSC File No. MA-06-0733 would not be subject to OSC action. Id. at 4. The AJ found that "the OSC complaint signed by the appellant on December 29, 2005, in fact is not the same complaint closed by OSC on January 19, 2006." Id. at 5. Thus, the AJ concluded that Mr. Stoyanov had not exhausted his administrative remedies and that therefore the Board lacked jurisdiction over his appeal. Id.

The Second Initial Decision became the Second Final Decision of the Board when the Board denied Mr. Stoyanov's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Second Final Decision at 1-2.

These consolidated appeals followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). The jurisdiction of the Board is a legal question that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Mr. Stoyanov had the burden of establishing the Board's jurisdiction by a preponderance of the evidence. Id. (citing 5 C.F.R. § 1201.56(a)(2) (2001)).

The Board's jurisdiction is limited by law, rule, or regulation. Clark v. Merit Sys. Prot. Bd., 361 F.3d 647, 650 (Fed. Cir. 2004). Board jurisdiction over an IRA appeal requires that an appellant show that he has exhausted his administrative remedies before OSC and has made a nonfrivolous allegation that "(1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). As the Board noted, the only whistleblowing allegations that may be considered are those originally asserted before OSC, and not recharacterizations of, or additions to, those allegations. Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1036 (Fed. Cir. 1993). As the Board also noted, allegations of EEO violations under 5 U.S.C. §2302(b)(1) and (b)(9) do not qualify as whistleblowing allegations; they are presented to the EEOC. Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 691-92 (Fed. Cir. 1992).

Mr. Stoyanov's main argument on appeal is that the Board made findings of fact and that the Board did have jurisdiction to hear his appeals. He argues that his disclosures "made to the Navy chain of command that agency administration failed to enforce compliance with laws, regulations, and to take immediate disciplinary actions against responsible management officials violating EEOC-OFO Order, Navy policy and its enforcement constituted the Whistleblowing activity protected under 5 U.S.C. §2302(b)(8)." He also argues that the "[d]irect evidence in the record established that I and my brother were engaged in protected Whistleblowing activities."

The Board responds that the First Final Decision was correct because Mr. Stoyanov "does not explain that his purported disclosures involved anything other than matter related to EEO activities." Thus, because EEO disclosures are not protected under the WPA, the Board properly held that it lacked jurisdiction over Mr. Stoyanov's first IRA appeal. The Board also argues that because neither the denial of the WIGI nor the letter of reprimand had occurred when OSC terminated its inquiry, Mr. Stoyanov could not have exhausted his remedies with respect to those matters.

As for the Second Final Decision, the Board argues that although the decision was based on an erroneous finding of fact, it should nonetheless be affirmed because the Board did lack jurisdiction. Specifically, the Board explains that the AJ's finding that Mr. Stoyanov had not exhausted his administrative remedy was erroneous because Mr. Stoyanov's OSC file no. MA-06-0733 had been closed six days after he filed his appeal, but before the AJ dismissed Mr. Stoyanov's appeal.[4] Nevertheless, it argues that "[t]he essence of Mr. Stoyanov's IRA appeal involved allegations that the Navy denied his WIGI in reprisal for his EEO activity and his support of his brother's EEO activity." The Board explains that although agency decisions cannot generally be upheld on a different ground, Sec. & Exch. Comm'n v. Chenery, 318 U.S. 80, 95 (1943), because the Board's jurisdiction is a legal question not involving deference and does not require additional fact finding, we should affirm the Board's decision despite its factual error,

---

[4] On appeal, the Board explains that the six day early filing of Mr. Stoyanov's appeal is not a basis to dismiss Mr. Stoyanov's appeal "because of the brief period between the premature filing and exhaustion before OSC." Normally, because the parties cannot create their own jurisdiction, Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), we would be forced to address this issue. However, because we affirm the Board's decision for lack of jurisdiction on other grounds, we need not reach it.

see Killip v. Office of Pers. Mgmt., 991 F.2d 1564, 1568-69 (Fed. Cir. 1993); see also Grabis v. Office of Pers. Mgmt., 424 F.3d 1265, 1270 (Fed. Cir. 2005) ("In other words, Chenery does not apply if there is no room for the agency to exercise discretion in deciding the legal issue under review.").

We agree with the Board as far as both appeals are concerned. For the First Final Decision, the Board's finding that Mr. Stoyanov's OSC complaint related only to EEO activities is dispositive. First Final Decision at 6. As discussed above, EEO activities fall under 5 U.S.C. § 2302(b)(9) and are outside the scope of the WPA. Spruill, 978 F.2d at 691-92. Therefore, because Mr. Stoyanov did not prove by a preponderance of the evidence that he had made a protected disclosure to OSC, the Board correctly determined that it lacked jurisdiction over the IRA appeal that was the focus of the First Final Decision. See Yunus, 242 F.3d at 1371.

Turning to the Second Final Decision, Mr. Stoyanov is bound by his complaints to the OSC and cannot post hoc rationalize them or add to them. See Ellison, 7 F.3d at 1036. Reviewing those complaints, it is clear as a matter of law that Mr. Stoyanov again raised only EEO activities. Indeed, much of the complaint upon which his second IRA was based is identical to the complaint upon which his first IRA was based. Because Mr. Stoyanov failed to meet his burden of establishing that he made a protected disclosure as a matter of law, dismissal of his second IRA appeal for lack of jurisdiction was proper. Additionally, we note that we agree with the Board's analysis on appeal that this case is appropriate to decide on an alternate ground without contravening Chenery. See Grabis, 424 F.3d at 1270.

We have considered Mr. Stoyanov's other arguments and find them without merit.

For the forgoing reasons, the final decisions of the Board are affirmed.