**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 44**

Docket No. SF-1221-19-0566-W-1

**George DeGrella,**

**Appellant,**

**v.**

**Department of the Air Force,**

**Agency.**

December 14, 2022

Amos N. Jones, Esquire, Washington, D.C., for the appellant.

C. Rhodes Berry, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the initial decision that dismissed his appeal for lack of jurisdiction. For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision. The appeal is DISMISSED for lack of jurisdiction.

BACKGROUND

¶2    During the time at issue in this appeal, the appellant was employed by the agency as a Supervisory Services Program Specialist with the Air Force Services Activity at Yokota Air Force Base, Japan. Initial Appeal File (IAF), Tab 17 at 4.

The administrative judge found, and the parties do not dispute on review, that the appellant's appointment was as a nonappropriated fund (NAF) employee.[1] IAF, Tab 19, Initial Decision (ID) at 2; Tab 1 at 1 (the appellant's indication on his appeal form that his grade or pay band was "NAF"); Tab 5 at 17 (the appellant's statement that he was a nonappropriated fund employee); Tab 17 at 4 (Standard Form 50 reflecting the appellant's pay plan as "NF"). On September 4, 2018, the agency proposed the appellant's removal based on two specifications of on-the-job misconduct. IAF, Tab 15 at 12-13. After he responded to the proposal, IAF Tab 13 at 12-21, Tab 14, the agency, in lieu of removal, issued a decision suspending the appellant for 28 days, effective September 23, 2018.[2] IAF, Tab 13 at 4-5.

¶3 The appellant filed a complaint with the Office of Special Counsel (OSC) in which he alleged that the proposed removal and the 28-day suspension were in retaliation for his having reported fraud, waste, and abuse to agency management. IAF, Tab 5 at 5-18, 20-21. On May 15, 2019, OSC advised the appellant that it had ended its inquiry into his allegations and that he could appeal the matter to the Board. IAF, Tab 5 at 20. The appellant filed an individual right of action (IRA) appeal and requested a hearing. IAF, Tab 1.

¶4 In response, the agency argued, inter alia, that the Board lacks jurisdiction over the appeal due to his status as a NAF employee, and it moved to dismiss the

---

[1] A NAF employee is "a civilian employee who is paid from nonappropriated funds of Army and Air Force Exchange Service, Navy Exchange Service Command, Marine Corps exchanges, or any other instrumentality of the United States under the jurisdiction of the armed forces which is conducted for the comfort, pleasure, contentment, or physical or mental improvement of members of the armed forces." 10 U.S.C. § 1587(a)(1).

[2] On October 21, 2018, the appellant was reassigned to the position of Operations Manager (Community Services Flight). IAF, Tab 17 at 4. It appears that the appellant did not raise the reassignment as a purportedly retaliatory personnel action with the Office of Special Counsel, but because the Board otherwise lacks jurisdiction, as discussed in this decision, we need not address the reassignment further.

appeal on that basis, relying on *Clark v. Army & Air Force Exchange Service*, 57 M.S.P.R. 43, 45-46 (1993) (*AAFES*), and *Clark v. Merit Systems Protection Board*, 361 F.3d 647, 651 (Fed. Cir. 2004).[3]  IAF, Tab 6 at 8.  The appellant replied to the agency's submission, but did not address the agency's argument regarding the significance of his status as a NAF employee to the Board's jurisdiction to hear his IRA appeal.  IAF, Tab 18.

¶5      In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.  *See* ID.  Based on the Board's decision in *AAFES* and the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit's) decision in *Clark*, the administrative judge found that "because the appellant was a NAF employee, the Board lack[ed] jurisdiction over his IRA appeal."  ID at 4.

¶6      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition.  PFR File, Tab 3.

## ANALYSIS

### The Board lacks jurisdiction over an IRA appeal filed by a NAF employee.

¶7      As set forth below, the appellant's petition for review does not establish any error in the initial decision.  However, because a significant amount of time has passed since the Board last addressed the dispositive issue presented in this appeal, we take this opportunity to explain, that despite changes to the whistleblower protection statutes, the Board still lacks jurisdiction over an IRA appeal filed by a NAF employee.

¶8      The Board's jurisdiction is not plenary but is limited to that granted by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14

---

[3] The Board's decision in *Clark v. Army & Air Force Exchange Service* is unrelated to the U.S. Court of Appeals for the Federal Circuit's decision in *Clark v. Merit Systems Protection Board*.  To avoid confusion, we refer to the Board's decision as *AAFES*.

(2013).  The appellant has the burden of establishing jurisdiction over his appeal by a preponderance of the evidence.  5 C.F.R. § 1201.57(c)(3).

¶9	Under 5 U.S.C. § 2105(c)(1), the code provision that defines "employee" for the purposes of Title 5 unless specifically modified, an individual paid from nonappropriated funds of the various military exchanges and certain other instrumentalities of the armed forces is, with certain exceptions not relevant here, not an "employee" for the purposes of the laws administered by the Office of Personnel Management (OPM).  For example, in *Taylor v. Department of the Navy*, 1 M.S.P.R. 591, 593-96 (1980), the Board held that the adverse action procedures of Title 5 are laws administered by OPM for the purposes of 5 U.S.C. 2105(c) and that, therefore, 5 U.S.C. § 7513(d) does not provide NAF employees with a right to appeal an adverse personnel action to the Board.[4]

¶10	The instant appeal is not an adverse action appeal; however, in this case the appellant challenged the agency's action by filing an IRA appeal claiming reprisal for his whistleblowing disclosures in violation of 5 U.S.C. § 2302(b)(8).  IAF, Tab 1, Tab 5 at 4-5.  That statute prohibits, as relevant here, taking a personnel action because of any disclosure of information which the employee reasonably believes evidences gross mismanagement, a gross waste of funds, or an abuse of authority.  5 U.S.C. § 2302(b)(8).

¶11	In *AAFES*, the Board considered the claim of a NAF employee that his employing agency took various personnel actions against him in retaliation for his having disclosed fraud, waste, and abuse.  *AAFES*, 57 M.S.P.R. at 44.  He asserted that the Board had jurisdiction over his IRA appeal because he claimed that OPM does not enforce or administer 5 U.S.C. § 2302(b)(8) and that,

[4] More recently, in discussing whether service with a NAF activity can be combined with other service to find that an individual has completed his probationary period, the Board confirmed that individuals working for a NAF activity do not have adverse action appeal rights pursuant to chapter 75 of Title 5.  *Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 15 n.8 (2008).

therefore, he was an employee under 5 U.S.C. § 2105 for purposes of 5 U.S.C. § 2302(b)(8). *Id.* at 45. The Board disagreed, finding that the language of the statutory provisions that allows an employee to seek corrective action from the Board by filing an IRA appeal, 5 U.S.C. §§ 1214(a)(3) and 1221(a), makes them applicable to "employees" and does not modify the definition of an "employee" in 5 U.S.C. § 2105, which, as noted, excludes individuals appointed to a NAF position. *AAFES*, 57 M.S.P.R. at 45. The Board further found nothing in the Whistleblower Protection Act (WPA), Pub. L. No. 101-12, 103 Stat. 16 (1989), itself or its legislative history to suggest that Congress intended to limit OPM's role of administering rules, regulations, and statutes governing the civil service to the extent that 5 U.S.C. §§ 1221(a) and 2302 are no longer laws administered by OPM so as to broaden the class of employees who have the right to file an IRA appeal to include NAF employees. *AAFES*, 57 M.S.P.R. at 45-46. In *Clark*, the Federal Circuit reached the same conclusion, agreeing with the Board's "well-reasoned analysis in *AAFES*" and finding that an employee serving in a NAF position has no right to appeal to the Board for alleged violations of the WPA. *Clark*, 361 F.3d at 651.

¶12    Much time has passed since the Board and Federal Circuit last opined on whether the Board has jurisdiction over a claim of reprisal for whistleblowing brought by a NAF employee. In the intervening years, Congress has made significant changes to the whistleblower protection statutory scheme, including, most notably, through the enactment of the Whistleblower Protection Enhancement Act (WPEA). Pub. L. No. 112-199, 126 Stat. 1465 (2012).

¶13    When legislating, Congress is presumed to know an existing statute's interpretation. *Parker Drilling Management Services, Ltd. v. Newton*, 139 S. Ct. 1881, 1890 (2019) (concluding that "Congress legislates against the backdrop of existing law"); *Lorillard v. Pons*, 434 U.S. 575, 581 (1978) (stating that, when "Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the [administrative or

judicial] interpretation given to the incorporated law, at least insofar as it affects the new statute"); *see Lindahl v. Office of Personnel Management*, [470 U.S. 768](#), 780-83 (1985) (finding that Congress' failure to expressly repeal the prior judicial construction of the scope of review of disability determinations creates a presumption that Congress intended to embody that construction in the amended statute); 2A Norman Singer, Sutherland Statutory Construction § 45.12 (6th ed. 2000) (stating that, in interpreting legislative language, it may be presumed that the legislative body was aware, among other things, of existing judicial decisions). Thus, under these principles of statutory construction, in enacting the WPEA, Congress can be presumed to have known of the Board's and the Federal Circuit's respective interpretations of the existing statute.

¶14    Congress' knowledge of the Board and its reviewing court's interpretations of the WPA's provisions is specifically demonstrated by the content of the WPEA and its legislative history. The legislative history of section 101 of the WPEA specifically identified three court decisions that narrowed the scope of what constitutes a protected disclosure and explained that the statute overruled those decisions. S. Rep. No. 112-155, at 4-5 (2012); *see* WPEA § 101(b)(2)(C). By this action, Congress demonstrated that it was aware of the decisions affecting the scope of whistleblower protection and how to overturn those decisions. However, neither the WPEA itself, nor its legislative history, purports to change, or even to address, the definition of "employee" as interpreted by the Board and Federal Circuit in *AAFES* and *Clark*. Thus, although it expanded the scope of whistleblower protection in other ways that have implications for Board jurisdiction, nothing suggests that the WPEA altered the longstanding administrative and judicial interpretations that NAF employees have no right to file an IRA appeal with the Board.

¶15    In addition to the WPEA, other statutes have modified the whistleblower protection statutory scheme. Section 1097(c) of the National Defense Authorization Act, 2018, Pub. L. No. 115-91, 131 Stat. 1283, 1618 (2017),

amended the law to provide that a disclosure should not be excluded from coverage because it was made before the individual's appointment or application for employment, addressed the scope of protection for disclosures made in the normal course of an employee's duties, and addressed the protection provided for cooperating with or disclosing information to certain investigative entities.  In addition, section 5721 of the National Defense Authorization Act for Fiscal Year 2020, Pub. L. No. 116-92, 133 Stat. 1198, 2175 (2019), amended the law to provide protection for disclosures to Congress.  The Follow the Rules Act, Pub. L. No. 115-40, 131 Stat. 861 (2017), effectively overruled a Federal Circuit decision and expanded the list of prohibited personnel practices articulated in 5 U.S.C. § 2302(b)(9).  163 Cong. Rec. H2983-01 (daily ed. May 1, 2017) (statements of Reps. Comer, Connolly, and Grothman).  Similarly, section 103 of the Dr. Chris Kirkpatrick Whistleblower Protection Act of 2017, Pub. L. No. 115-73, 131 Stat. 1235, 1236 (2017), also amended the list of prohibited personnel practices.  None of these statutes, however, address the definition of an "employee" for purposes of determining who can file an IRA appeal with the Board.  Thus, we conclude that despite the passage of time and amendments to the statutory scheme, the holdings in *AAFES* and *Clark* remain valid.  Thus, we affirm the initial decision.

10 U.S.C. § 1587 does not provide a right of appeal to the Board for NAF employees who claim retaliation for whistleblowing.

¶16      On review, the appellant argues for the first time that the Board has jurisdiction over his IRA appeal because 10 U.S.C. § 1587 protects NAF employees from retaliation for whistleblowing, and because he had recourse to OSC, exhausted his remedy with that agency, and was provided appeal rights to the Board by OSC.[5]  PFR File, Tab 1 at 5-6; IAF, Tab 5 at 20.  Under 10 U.S.C.

---

[5] Generally, the Board will not consider new arguments on petition for review absent a showing that they are based on new and material evidence that was not previously

§ 1587(b) and (d), the Secretary of Defense is responsible for prohibiting reprisal against NAF employees for whistleblowing and for correcting any such acts of reprisal. Subsection (e) provides that the Secretary shall, after consulting with OPM, OSC, and the Board, prescribe regulations to implement the statute. 10 U.S.C. § 1587(e). Although the Secretary of Defense apparently has implemented the statute, nothing in the statute suggests a right to appeal to the Board.[6] Thus, while reprisal for whistleblowing as described by the appellant may be unlawful under 10 U.S.C. § 1587, an appeal contesting the agency action is not within the Board's jurisdiction.[7]

## ORDER

¶17 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

available despite the party's due diligence. *Clay v. Department of the Army,* 123 M.S.P.R. 245, ¶ 6 (2016). However, we will consider the appellant's new argument on this jurisdictional issue because jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during Board proceedings. *Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

[6] The agency asserts on review that the regulations called for by 10 U.S.C. § 1587(e) are set forth in Department of Defense Directive 1401.03. PFR File, Tab 3 at 7. We take administrative notice that this directive contains no reference to Board appeal rights.

[7] To the extent that the appellant suggests that because OSC informed him of Board appeal rights, the Board has jurisdiction over his IRA appeal, it is well settled that the provision of Board appeal rights in an agency decision does not serve to confer jurisdiction on the Board when it does not otherwise exist. *Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 5 (2008); *Covington v. Department of the Army*, 85 M.S.P.R. 612, ¶ 9 (2000); *Hunter v. Department of Justice*, 73 M.S.P.R. 290, 294 (1997).

NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.