UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

GRACE E. ANDERSON,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
AT-0752-17-0172-I-1

DATE: January 19, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Grace E. Anderson, Evans, Georgia, pro se.

Mary Rae Dudley, Fort Gordon, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    By letter dated August 15, 2016, the agency notified the appellant that she would be separated from her nonappropriated fund (NAF) position as a Child Youth Program Assistant with the agency's Child Youth School Services (CYSS), effective August 24, 2016.  Initial Appeal File (IAF), Tab 1 at 24-25.  The letter stated the reason for the appellant's separation was that she had issued false statements and submitted false documents to the agency.  *Id.*

¶3    The appellant filed a Board appeal challenging her separation.  IAF, Tab 1. She alleged that she was treated unfairly, subjected to a hostile work environment, terminated on the basis of her race, retaliated against for being a whistleblower, and denied due process.  *Id.* at 1-8, 10-11, 13-14, 17-18, 20, 27. Documents in the appellant's initial appeal reference or explicitly state that she was an NAF employee.  *Id*. at 6-8, 24, 33-36, 40-41.

¶4    The administrative judge issued an order informing the appellant of her burden of proof on jurisdiction and directing her to provide evidence and argument establishing the Board's jurisdiction over her appeal.  IAF, Tabs 5-6. After providing the parties with the opportunity to respond to the order, the

administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 2-3. The administrative judge found that the appellant was an NAF employee, and as such, she was not an "employee" with Board appeal rights under 5 U.S.C. chapter 75. *Id.* Because the administrative judge found that the Board lacked jurisdiction over the appeal, she declined to address the apparent untimeliness of the appellant's appeal. *Id.* at 2, n.1.

¶5 The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency responded to the appellant's petition, arguing that she did not establish Board jurisdiction over her appeal and that both the appeal and petition for review were untimely filed. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of establishing Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7 Under section 2105 of Title 5, the provision defining "employee" for purposes of that title, an employee paid from nonappropriated funds is, with certain exceptions not relevant here, not an "employee" for the purposes of laws administered by the Office of Personnel Management. 5 U.S.C. § 2105(c). The Board previously has found that 5 U.S.C. § 2105(c) excludes NAF employees from those employees with rights to appeal adverse actions to the Board under 5 U.S.C. § 7513(d). *Clark v. Army & Air Force Exchange Service*, 57 M.S.P.R. 43, 44-45 (1993). It is undisputed that the appellant was an NAF employee. IAF, Tabs 1, 4. Thus, the administrative judge correctly found that the Board lacks jurisdiction over the appellant's removal appeal.

¶8      For the first time on review, the appellant suggests that the agency is not complying with three executive orders that discuss using plain language in Government documents.  PFR File, Tab 1 at 2-3; Exec. Order No. 13,563, 76 Fed. Reg. 3,821 (2011); Exec. Order No. 12,988, 61 Fed. Reg. 4,729 (1996); Exec. Order No. 12,866, 58 Fed. Reg. 51,735 (1993).  Yet, she does not provide any argument of how these executive orders could establish Board jurisdiction over her appeal, and we find that nothing in these executive orders provides any basis for establishing Board jurisdiction over her removal.

¶9      The appellant also alludes to NAF collective bargaining agreements (CBA) without stating whether she is subject to a CBA, and without providing any argument for how any such CBA might establish Board jurisdiction.  PFR File, Tab 1 at 3.  We find that the mere presence or lack of an NAF CBA does not provide any basis for Board jurisdiction.

¶10      In addition, the appellant renews her whistleblower retaliation and discrimination claims, asserting that her supervisors terminated her because she reported them to the union and that they also had made racial slurs against her. *Id.* at 9, 11-12.  However, allegations of prohibited personnel practices under 5 U.S.C. § 2302(b), such as racial discrimination, are not an independent source of Board jurisdiction.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  Additionally, the Board lacks jurisdiction to hear claims of whistleblowing retaliation from NAF employees. *See Clark v. Merit Systems Protection Board*, 361 F.3d 647, 651 (Fed. Cir. 2004) (holding that an employee serving in a NAF position has no right of appeal to the Board for alleged violations of the Whistleblower Protection Act); *DeGrella v. Department of the Air Force*, 2022 MSPB 44 ¶ 15 (finding that, despite the amendments to the whistleblower protection statutory scheme since the issuance

of *Clark*, an employee in a NAF position has no right to file a whistleblower reprisal appeal with the Board).[2]

¶11    Based on our review, we find no reason to disturb the initial decision. We therefore affirm the administrative judge's dismissal of the appellant's appeal for lack of Board jurisdiction.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] The appellant also asserts that she was denied due process because she did not receive notice of her separation. PFR File, Tab 1 at 4. This argument is not material to the dispositive issue of jurisdiction, and we therefore will not address it further.

[3] Given our finding that the Board does not have jurisdiction over any of the appellant's claims, we do not reach the timeliness questions presented by the appellant's filing of her initial appeal or her petition for review. *See Beaudette v. Department of the Treasury*, 100 M.S.P.R. 353, ¶ 11 (2005) (observing that, when the Board's lack of jurisdiction is clear, an appeal should be dismissed on the basis of jurisdiction rather than timeliness).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.