# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERESA M. CROSKEY,
       Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
       Agency.

DOCKET NUMBER
AT-3443-23-0228-I-1

DATE: August 20, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Teresa M. Croskey, Montgomery, Alabama, pro se.

Karla Brown Dolby, Esquire, and Sophia Haynes, Decatur, Georgia, for the
  agency.

Bob Boulware and Karen Rodgers, Montgomery, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the appellant's 10-day suspension and absence without leave (AWOL) status are not appealable adverse actions.</u>

¶2     On review, the appellant requests a hearing and questions the administrative judge's finding of lack of jurisdiction over her appeal. Petition for Review (PFR) File, Tab 1 at 1. The administrative judge correctly found that suspensions of 14 days or less are not appealable adverse actions pursuant to chapter 75 of Title 5 of the U.S. Code. Initial Appeal File (IAF), Tab 9, Initial Decision at 1, 3-4; *see* 5 U.S.C. § 7512, 7513(d); *Marks v. U.S. Postal Service*, 78 M.S.P.R. 451, 454 (1998). Further, an employee's placement in an AWOL status is not, by itself, an appealable matter. *See Maki v. U.S. Postal Service*, 41 M.S.P.R. 449, 453-54 (1989). To the extent that the appellant suggests that she is entitled to a hearing because her agency's decision on her suspension informed her of Board appeal rights, it is well settled that the provision of Board appeal rights in an agency decision does not serve to confer jurisdiction on the Board when it does not otherwise exist. PFR File, Tab 1 at 1-2; IAF, Tab 1 at 11-12; *see DeGrella v. Department of the Air Force*, 2022 MSPB 44, ¶ 16 n.7; *Covington v. Department of the Army*, 85 M.S.P.R. 612, ¶ 9 (2000).

<u>We remand the appeal for a determination of whether the Board has jurisdiction over possible other claims.</u>

¶3     We find that the instant appeal needs to be remanded for further proceedings because the appellant's initial appeal alluded to other potential bases

for the Board's jurisdiction. IAF, Tab 1. An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Neither the administrative judge's orders, the initial decision, nor the agency's submissions provided the appellant with notice of the jurisdictional requirements of each claim as discussed below. *See Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009).

¶4 In her initial filing, the appellant checked the box for alleging failure to restore, reemploy, or reinstate or improper restoration, reemployment, or reinstatement. IAF, Tab 1 at 3. The record contains evidence indicating that she sustained a compensable injury and that she was deemed partially recovered. *Id.* at 22, 33-34, 57, 61, 64-74, 102-109. However, the appellant has raised concerns about her restoration to duty in a light duty assignment. *Id.* at 19-20, 22, 27, 31-43, 61, 64, 73-74, 78-79, 140-41. Thus, she should receive notice regarding her jurisdictional burden in a restoration appeal filed pursuant to 5 C.F.R. § 353.304.

¶5 Additionally, on her initial appeal form, the appellant indicated that she filed a whistleblowing complaint with the Office of Special Counsel (OSC) in March 2020. IAF, Tab 1 at 4. The administrative judge initially assigned to the appeal informed the appellant about the Board's jurisdiction over whistleblower reprisal claims under 5 U.S.C. § 2302(b)(8) and (b)(9), and indicated the possibility of an individual right of action (IRA) appeal if she exhausted her administrative remedies before OSC. IAF, Tab 2 at 2-3 & nn.2-4, Tab 6 at 2. However, the administrative judge did not give the appellant explicit notice on how to establish jurisdiction over an IRA appeal or explain that she must show that she exhausted her OSC remedy as to the matters raised in her Board appeal. *See Boughton v. Department of Agriculture*, 94 M.S.P.R. 347, ¶ 4 (2003); *see also Burgess*, 758 F.2d at 643-44. On remand, the administrative judge should provide such explicit notice.

¶6    The initial appeal form and the record indicate that the appellant is preference-eligible. IAF, Tab 1 at 2, 81-82. She referenced her status as a disabled veteran. *Id.* at 78-79. She also checked "No" when asked if the Department of Labor had decided on a complaint, but she did not complete any of the other questions in that section. *Id.* at 4. The acknowledgment order generally advised the appellant that the Board may have jurisdiction over a claim of discrimination based on uniformed service or veteran status, or a violation of veterans' preference rights. IAF, Tab 2 at 2-3. But the appellant was not informed of the respective burdens of proof and different methods of proving each claim. On remand, the administrative judge should provide explicit notice on establishing jurisdiction over Uniformed Services Employment and Reemployment Rights Act and Veterans Employment Opportunity Act of 1998 claims.

¶7    Finally, because the appellant checked the box for alleging "negative suitability determination" in her initial appeal filing, she should also receive notice of the applicable jurisdictional issues concerning a suitability action pursuant to 5 C.F.R. part 731. IAF, Tab 1 at 3.

¶8    We therefore remand the appeal for the appellant to receive such information and to allow the parties to submit evidence and argument on jurisdiction. *See Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶¶ 7-8, 18, 21-22 (2006). If the administrative judge determines that the Board has jurisdiction over any of these claims, she should proceed to adjudicate the appellant's claims on the merits.

**ORDER**

¶9      For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:         *Gina K. Grippando*

                                _____

                                Gina K. Grippando
                                Clerk of the Board

Washington, D.C.