**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JUSTIN O'HAGAN, | DOCKET NUMBER |
| Appellant, | AT-1221-23-0326-W-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: November 5, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Brian Henson, Esquire, Decatur, Georgia, for the appellant.

Laura T. VanderLaan, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

\* Member Kerner recused himself and did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The administrative judge found that although the appellant met some other jurisdictional requirements, he did not present the requisite nonfrivolous allegations of protected whistleblowing. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 5-10. On petition for review, the appellant argues that the administrative judge rendered her finding in a conclusory manner, without any citation to the record. Petition for Review (PFR) File, Tab 1 at 2-3. However, the initial decision reflects otherwise. ID at 7-9 (citing IAF, Tab 8 at 7-8, 16-130). We recognize that the administrative judge did not cite or discuss everything the appellant submitted below. *E.g.*, IAF, Tab 8 at 134-48. However, an administrative judge's failure to mention all of the evidence of record does not mean that they did not consider it in reaching their decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶3 The appellant next argues that he "made clear disclosures of violations of law and regulations" or "an abuse of authority" when he disclosed "bullying behavior" by two members of his supervisory chain. PFR File, Tab 1 at 3-7.

According to the appellant, this constituted nonfrivolous allegations of disclosures protected under 5 U.S.C. § 2302(b)(8). *E.g.*, *id.* at 6-7. Yet, we agree with the administrative judge's conclusion to the contrary. Throughout his arguments below, the appellant stated that he disclosed bullying and workplace violence. He did not, however, present examples and explanations to nonfrivolously allege that he reasonably believed this rose to the level of a protected disclosure. IAF, Tab 1 at 7, Tab 8 at 4-11; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 7 (2016) (finding that an appellant's allegations of disclosures did not meet the nonfrivolous standard for establishing jurisdiction in an IRA appeal because they were not sufficiently specific and detailed). The appellant did submit extensive unexplained documentation. IAF, Tab 1 at 12-39, Tab 8 at 13-148. However, to the extent that this was intended to supplement his arguments to the administrative judge about disclosures of bullying or workplace violence, it was insufficient. The documentation contains extensive allegations about the appellant expressing dissatisfaction with his management chain over several years, but it fails to nonfrivolously allege that this rose to the level of a protected disclosure about bullying.

¶4      On review, the appellant also suggests that he engaged in appeals, complaints, or grievances that could be whistleblowing activity protected under 5 U.S.C. § 2302(b)(9). PFR File, Tab 1 at 10. In addition, the appellant asserts that he disclosed "inappropriate granting of research funding to outside groups" and one supervisor's "interfering with grant funding decisions," contrary to regulation. *Id.* at 12-13. Lastly, he alleges that he disclosed possible reprisal for his having disclosed bullying and workplace violence. *Id.* at 13. These are new theories of his case for jurisdiction, presented for the first time on review. In his arguments before the administrative judge, the appellant did not identify any of this as the whistleblowing underlying his claim of reprisal in the instant IRA appeal. *See* IAF, Tab 1 at 7, Tab 8 at 4-11.

¶5     The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, the Board does oftentimes consider new arguments on the issue of jurisdiction because jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time. *DeGrella v. Department of the Air Force*, 2022 MSPB 44, ¶ 16 n.5. Accordingly, we have considered these new arguments, but we find them unavailing.

¶6     In support of the new arguments or assertions he presented for the first time on review, the appellant has only vaguely alluded to the extensive allegations he submitted to OSC. PFR File, Tab 1 at 10, 12-13. In turn, those allegations he submitted to OSC are difficult to follow in terms of identifying what his alleged whistleblowing was and why it might be protected. *E.g.*, IAF, Tab 8 at 30-31, 36-37, 39-47, 51-64, 66-67. We have attempted to compare his brief arguments on review with the portions of his OSC submissions he referenced, but we are unable to discern any nonfrivolous allegations of protected disclosures or activity. For all these reasons, we are not persuaded by the appellant's petition for review.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> <u>receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _Gina K. Grippando_
                                          Gina K. Grippando
                                          Clerk of the Board

Washington, D.C.