**Moses CLARK, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3258.

United States Court of Appeals, Federal Circuit.

March 17, 2004.

Moses Clark, of Alexandria, VA, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was Martha B. Schneider, General Counsel.

Before RADER, LINN, and DYK, Circuit Judges.

LINN, Circuit Judge.

Moses Clark petitions for review of the Merit Systems Protection Board's ("Board") decision dismissing his appeal for lack of jurisdiction. *Clark v. Dep't of the Army*, No. DC–1221–02–0051–W.–1, 2003 WL 21727787 (M.S.P.B. July 23, 2003) (*"Final Decision"*). Because the Board did not err in determining that Clark, as an employee serving in a non-appropriated fund ("NAF") position, did not have a right of appeal to the Board for alleged violations of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), we affirm.

## BACKGROUND

Clark was a Contract Specialist in the Contracting Office of the Directorate of Community Activities in Belgium. In early March 1996, agency officials decided to convert Clark's position from an NAF position to an appropriated fund ("AF") position, with an effective date of March 17, 1996. Clark opposed the conversion because it would subject his overseas tour to a three-year limit, applicable to AF employees but not NAF employees. For reasons not established in the record, Clark's conversion was delayed. In the interim, in May 1996, Clark alleged that he made several disclosures reporting violations of ethics rules in connection with a proposed contract award. In September 1996, Clark's conversion to an AF employee became effective.

Clark later filed a complaint with the Office of Special Counsel, alleging that he was a victim of reprisal based on the disclosures he made in May 1996. He contended these were protected disclosures under the Whistleblower Protection Act. Specifically, he argued that, as a result of those disclosures, he was converted in September 1996 from an NAF employee to an AF employee, that his overseas tour was cut short, and that he was subsequently reassigned to the continental United States. The Office of Special Counsel considered his complaint, declined to take action, and closed the investigation.

Clark then filed an individual right of action appeal with the Board, arguing his conversion to an AF position and reassignment to the United States were actions taken in reprisal for his May 1996 whistleblowing activities. In an initial decision, an Administrative Judge dismissed the appeal, concluding that Clark had failed to make non-frivolous allegations that: 1) the matter he disclosed fell within the protected categories of whistleblowing activities; 2) that his disclosures were a factor in the agency's actions; and 3) that he was affected by a covered personnel action. *Clark v. Dep't of the Army*, No. DC–1221–02–0051–W–1 (Jan. 30, 2002). Clark petitioned for review. The Board denied Clark's petition, but on its own initiative reopened the appeal, vacated the initial decision, and dismissed the appeal for lack of jurisdiction. The Board concluded that the protections of the Whistleblower Protection Act do not apply to an NAF employee and that, accordingly, as a matter of law, Clark's alleged disclosures were not protected under the Act. *Final Decision*, slip op. at 3–4.

Clark timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b).

## DISCUSSION

■ The scope of our review in an appeal from a decision of the Board is limited. Whether the Board has jurisdiction to entertain an appeal is a question that we review de novo. *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1213 (Fed.Cir. 2003). Clark, as petitioner, has the bur-

den of establishing the Board's jurisdiction. *Id.* at 1213–14.

■ On appeal, Clark argues that the Board erred in considering his appeal only under the provisions of the Whistleblower Protection Act with respect to his NAF position. Clark's argument is unpersuasive for at least three reasons. First, Clark had previously filed a direct appeal from the agency's conversion of his NAF position to an AF position, alleging that such conversion was an appealable adverse personnel action apart from the Whistleblower Protection Act. The Board dismissed that appeal and this court affirmed, holding that a reassignment to another position at the same grade and pay is not an adverse action appealable to the Board. *See Clark v. Merit Sys. Prot. Bd.*, 243 F.2d 563, 2000 WL 1517162 (Fed.Cir.2000) (table); *Clark v. Dep't of the Army*, No. DC–3443–99–0468–I–1 (M.S.P.B. July 21, 1999). Clark had no basis to expect the Board to revisit that issue. Second, Clark's action before the Board leading to this appeal explicitly called the Whistleblower Protection Act into play. The action was presented as an individual right of action appeal, arguing reprisal in his conversion to an AF position and his subsequent reassignment. Third, the very reason for the Board's dismissal, *i.e.*, the conclusion that Clark was not an AF employee at the time of the alleged disclosures—a point Clark does not contest—precludes any argument Clark attempts now to make with regard to rights he may have had if he were an AF employee. Beyond Clark's specific assertions, the gravamen of his appeal is the question of whether the Board erred, as a matter of law, in concluding that Clark, as an NAF employee at the time of his alleged disclosures, was not entitled to file an individual right of action appeal seeking correction of a personnel action allegedly taken in violation of the Whistleblower Protection Act. We conclude that the Board properly determined that Clark was not entitled to file such an appeal.

Although the issue has not been squarely addressed by this court, the Board has carefully examined the statutory provisions governing Board jurisdiction over appeals of NAF employees. *See Clark v. Army & Air Force Exch. Serv.*, 57 M.S.P.R. 43 (1993) (*"AAFES"*). In that case, the appellant [1] was employed by the Army and Air Force Exchange Service in an NAF position. He filed an appeal before the Board asserting that various adverse personnel actions had been taken against him in retaliation for disclosures of fraud, waste, and abuse. *Id.* at 44.

■ As the Board noted in its opinion in *AAFES*, the Board's jurisdiction is not plenary, but rather is limited to that granted by law, rule, or regulation. *Id.* An employee may appeal certain enumerated adverse personnel actions to the Board under authority granted by 5 U.S.C. § 7513(d). In section 2105(c), Title 5, the provision defining "employee" for purposes of that title, states that "[a]n employee paid from nonappropriated funds . . . is deemed not an employee for the purpose of . . . laws administered by the Office of Personnel Management." 5 U.S.C. § 2105(c) (2000). The Board noted in *AAFES* that adverse action provisions of Title 5 are laws administered by the Office of Personnel Management for purposes of 5 U.S.C. § 2105(c), and thus 5 U.S.C. § 7513(d) does not provide NAF employees with a right to appeal an adverse personnel action to the Board. *AAFES*, 57 M.S.P.R. at 45.

In *AAFES*, the appellant conceded that the Whistleblower Protection Act did not

---

**1.** The appellant in the *AAFES* case is unrelated to the petitioner Clark in the present case.

provide the Board with jurisdiction over his appeal, but argued that the Board had jurisdiction because he is an employee, as defined by 5 U.S.C. § 2105(c) for purposes of laws not administered by the Office of Personnel Management. *Id.* The appellant argued that because the Office of Personnel Management did not administer the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), he was an employee under 5 U.S.C. § 2302 for purposes of alleging a violation of 5 U.S.C. § 2302(b)(8) and had a right to file an individual right of action appeal with the Board. *AAFES,* 57 M.S.P.R. at 45. The appellant in *AAFES* also argued that the Office of Special Counsel always had the right to bring a complaint seeking correction for a Whistleblower Protection Act violation on behalf of an NAF employee and that the Act therefore enabled the affected NAF employee to bring the complaint to the Board as an individual right of action appeal.

Under 5 U.S.C. § 2302(b)(8), an agency may not take a personnel action against any employee for making a protected disclosure. The Office of Special Counsel has authority to investigate allegations of the Whistleblower Protection Act and to take corrective action as necessary. 5 U.S.C. § 1214. An employee may seek corrective action from the Board if the Office of Special Counsel terminates its investigation or does not notify the employee that it is seeking corrective action on his behalf within a certain time period. *Id.* §§ 1214(a)(3), 1221(a). The language of these statutory provisions makes them applicable to "employees" and does not modify the definition of "employees" as set forth in 5 U.S.C. § 2105.

The Board in *AAFES* was not persuaded by the appellant's argument that the Whistleblower Protection Act was not administered by the Office of Personnel Management. *AAFES,* 57 M.S.P.R. at 45–46. Rather, the Board concluded that although the Board and the Office of Special Counsel have particular duties regarding certain sections of Title 5, the Office of Personnel Management continues to play a role in administering the civil service. *Id.* at 45. The Board found nothing in the Whistleblower Protection Act or its legislative history to suggest that Congress intended to limit the role of the Office of Personnel Management to the extent that the provisions of the Act are no longer "laws administered by the Office of Personnel Management." *Id.* at 45–46.

The Board was similarly not persuaded by the appellant's argument in *AAFES* that his right to file an individual right of action appeal flowed from the authority of the Office of Special Counsel to seek corrective action on his behalf. The Office of Special Counsel is charged with investigating allegations of prohibited personnel practices, defined at 5 U.S.C. § 2302(a)(2), "with respect to an employee in, or applicant for, a covered position...." 5 U.S.C. § 1214(a) (2000). Thus, the Board held that the protections of 5 U.S.C. § 2302 are limited to employees as defined by 5 U.S.C. § 2105. *AAFES,* 57 M.S.P.R. at 46. Moreover, the Board concluded that even if the Office of Special Counsel had the authority to act on the appellant's behalf, that authority would not entitle the appellant to file an individual right of action appeal with the Board, because the Board has consistently held that 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction. *Id.* The Board in *AAFES* concluded that it thus lacked jurisdiction. *Id.*

█ We agree with the Board's well-reasoned analysis in *AAFES,* and hold that an employee serving in an NAF position has no right of appeal to the Board for alleged violations of the Whistleblower Protection Act.

Although we decline to speculate on its applicability to or availability in this case, we do note that under 10 U.S.C. § 1587, NAF employees are protected from reprisal for whistleblowing pursuant to procedures adopted by the Secretary of Defense, and subject to appeal to the Secretary of Defense. Neither the Whistleblower Protection Act nor the legislative history indicates any Congressional intent to augment this protection with a right of appeal to the Board.

We have reviewed Clark's remaining arguments and find them unpersuasive. For the foregoing reasons, we conclude that the Board did not err in holding that it lacked jurisdiction over Clark's appeal. The decision of the Board is affirmed.

*AFFIRMED.*