NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DERRICK J. STOVALL,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2016-1261

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-15-0245-I-1.

---

Decided: May 6, 2016

---

DERRICK J. STOVALL, Indianapolis, IN, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before NEWMAN, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Derrick J. Stovall appeals a final decision of the Merit Systems Protection Board ("board") dismissing his appeal for lack of jurisdiction. *See Stovall v. Dep't of Defense*, No. CH-0752-15-0245-I-1, 2015 MSPB LEXIS 8323 (Sept. 28, 2015) ("*Board Decision*"). For the reasons discussed below, we affirm.

BACKGROUND

The Department of Defense ("agency") removed Stovall from his position for substandard performance in 2011. Stovall appealed to the board, and the parties subsequently entered into a settlement agreement. Under the terms of that agreement, the agency assented to the cancellation of Stovall's removal and he agreed to maintain acceptable performance during the two-year period between May 1, 2012 and April 30, 2014. The settlement agreement stipulated that if Stovall failed to maintain acceptable performance during this two-year period, the agency had the right to remove him from the federal service after notifying him that his performance had been deficient and affording him at least thirty days to improve. The agreement further provided that if Stovall was removed for deficient performance, he waived the right to "appeal the removal action in any administrative or judicial [forum]." Stovall retained the right, however, to file a petition for enforcement of the terms of the settlement agreement. *See Board Decision*, 2015 MSPB LEXIS 8323, at *3.

On April 29, 2014, the agency removed Stovall for unacceptable performance in critical element 2(b), which required him to maintain an average accuracy rating of between 96% and 99% when processing military pay cases. *Id.* at *4. Stovall appealed to the board, but an administrative judge dismissed his appeal for lack of jurisdiction. The judge concluded that Stovall had failed to non-frivolously allege that the agency acted in bad faith

or coerced him into entering into the settlement agreement. The administrative judge determined, moreover, that Stovall failed to provide any credible evidence supporting his claim that he had met the performance standards required by the settlement agreement. On appeal, the full board affirmed. *Id.* at *8–13.

Stovall then filed a timely appeal with this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review of an appeal from a board decision is circumscribed by statute. We may set aside such a decision only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the board possesses jurisdiction to adjudicate an appeal is a question of law which we review de novo. *See Clark v. Merit Sys. Prot. Bd.*, 361 F.3d 647, 649 (Fed. Cir. 2004).

As the board correctly concluded, Stovall failed to carry his burden of establishing jurisdiction over his appeal. *See Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1212–13 (Fed. Cir. 2003) (explaining that the petitioner bears the burden of establishing the board's jurisdiction by preponderant evidence); *see also Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982) (emphasizing that a party seeking to upend a settlement agreement bears a heavy burden). Where an employee waives his appeal rights by entering into a last chance settlement agreement, the board can exercise jurisdiction over a challenge to a subsequent removal action only if the employee non-frivolously alleges that: (1) he did not knowingly and voluntarily enter into the settlement agreement; (2) he fulfilled the requirements of that

agreement; or (3) the agency materially breached the agreement or acted in bad faith. *See Buchanan v. Dep't of Energy*, 247 F.3d 1333, 1338 (Fed. Cir. 2001); *Link v. Dep't of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995).

On appeal, Stovall argues that he did not knowingly and voluntarily enter into the 2011 settlement agreement with the agency. He fails, however, to provide any credible evidence to support this contention. To the contrary, when he executed the agreement, Stovall specifically acknowledged that he fully understood all of its provisions and that he entered into it "knowingly and voluntarily after full deliberation and opportunity to discuss its effect and meaning with those persons and advisors he [chose] to consult." We reject, therefore, Stovall's wholly unsupported allegation that the agency coerced him into signing the settlement agreement. *See Tiburzi v. Dep't of Justice*, 269 F.3d 1346, 1355 (Fed. Cir. 2001) ("A bare allegation of coercion is not sufficient to set aside the parties' settlement agreement.").

Likewise unpersuasive is Stovall's claim that he met the performance standards required by the settlement agreement. Pursuant to paragraph 5 of the agreement, Stovall stipulated that his performance would be deemed unacceptable if he failed to meet a critical element of his position at any time between May 1, 2012 and April 30, 2014. Under critical element 2(b), Stovall was required to process military pay cases with an average accuracy rate of at least 96%. The record shows, however, that Stovall repeatedly failed to meet this requirement. For example, in the period between May 2013 and July 2013, Stovall's accuracy rate was only 89.35%.

The record contains nothing, moreover, to substantiate Stovall's assertion that the agency acted in bad faith. As the board correctly noted, although Stovall "was below the minimum accuracy rate of 96% for much of the 2-year last chance period," his supervisor met with him repeated-

ly to discuss his accuracy rating and to offer assistance in improving his performance. *Board Decision*, 2015 MSPB LEXIS 8323, at *8–9. It was not until February 2014, after Stovall had been given ample opportunity to rectify his performance deficiencies, that the agency issued a written notice informing him that his performance was unacceptable and that he would be removed if his performance did not improve within thirty days. Because Stovall did not meet the minimum 96% average accuracy standard during this thirty-day period, the agency had the right, under the plain terms of the settlement agreement, to remove him from his position.

Finally, we reject Stovall's argument that the December 2011 settlement agreement was not a "last chance" agreement. Although the settlement agreement did not use the phrase "last chance," it clearly stated that Stovall would be given one opportunity to improve his performance and that the agency had the right to remove him from the federal service if he failed to do so.

#### CONCLUSION

Accordingly, we affirm the decision of the Merit Systems Protection Board dismissing Stovall's appeal for lack of jurisdiction.

### AFFIRMED