**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HARVEY PIERCE,<br>        Appellant, | DOCKET NUMBER<br>SF-1221-19-0044-W-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>        Agency. | DATE: May 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James Hefflin</u>, Newport Beach, California, for the appellant.

<u>Andre E. Long</u>, Esquire, Point Mugu, California, for the agency.

<u>Jennifer F. Hoffmann</u>, Esquire, and <u>Joseph Boggs</u>, Esquire, China Lake, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the Board's recent decision in *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, to the appellant's claim, we AFFIRM the initial decision.

## BACKGROUND

The appellant is employed by the agency as a Flight Test Specialist. Initial Appeal File (IAF), Tab 7 at 34. His wife also worked for the agency. *Id*. at 37. In October 2018, the agency served the appellant with a notice to appear for a deposition regarding an IRA appeal filed by his wife,[2] and ordered him to bring certain documents to the deposition. IAF, Tab 1 at 26, Tab 7 at 31-33. The agency also issued the appellant a litigation hold notice[3] instructing him to

---

[2] The appellant's wife's IRA appeal was dismissed as moot on her own request. *Pierce v. Department of the Navy*, MSPB Docket No. SF-1221-18-0667-W-1, Initial Decision (Feb. 27, 2019). On March 28, 2019, the Equal Employment Opportunity Commission denied her petition seeking review of the initial decision. *Pierce v. Department of the Navy*, MSPB Docket No. SF-1221-18-0667-W-1, Petition for Review File, Tab 1.

In his wife's appeal, the appellant filed motions for a protective order—alleging that the agency was harassing him through the use of the discovery process—which the administrative judge denied. *Pierce v. Department of the Navy*, MSPB Docket No. SF-1221-18-0667-W-1, Initial Appeal File, Tab 44.

[3] A litigation hold is a notice issued in anticipation of a lawsuit or investigation, ordering employees to preserve documents and other materials relevant to that lawsuit or investigation. *Black's Law Dictionary* 800 (9th ed. 2009). Such notices are not

preserve certain documentary evidence he might have related to his wife's appeal, and informed him that the destruction of such documents could subject him and the agency "to sanctions or other adverse consequences." IAF, Tab 7 at 12-15.

The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency's actions constituted threats of removal and were taken because of his wife's whistleblowing activity. IAF, Tab 1 at 23. After OSC closed its investigation into his complaint, *id.* at 31, the appellant filed this IRA appeal, IAF, Tab 1. Before the Board, the appellant also indicated that the agency's actions constituted harassment and intimidation. IAF, Tab 8 at 11, 13. He also alleged that the agency's actions were in retaliation for his opposition to discrimination and participation in equal employment opportunity proceedings. *Id.* at 11-12.

In his initial decision, the administrative judge made a conclusory finding that the appellant exhausted his remedies with OSC. IAF, Tab 10, Initial Decision (ID) at 4. He also found that the appellant nonfrivolously alleged that his wife's whistleblowing activities afforded him protection from retaliation. ID at 4-5. The administrative judge concluded, however, that the appellant failed to nonfrivolously allege that the agency threatened him with a personnel action.[4] ID at 5-6.

Regarding the appellant's claim that the agency's actions constituted harassment and intimidation, the administrative judge interpreted the claim as an allegation that the appellant was subjected to a significant change in working conditions. ID at 6 (citing IAF, Tab 8 at 11, 13). The administrative judge then found that it did not appear that the appellant exhausted this claim with OSC. ID

---

uncommon in litigation, including in actions before the Board.

[4] The administrative judge found that, to the extent the appellant alleged that the agency discriminated and retaliated against him based on the grounds listed in 5 U.S.C. § 2302(b)(1), the Board lacked jurisdiction over such claims in the absence of an appealable action. ID at 8-9. We discern no error in that finding. *See Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 16 (2007).

at 6-7. The administrative judge nonetheless went on to find that the appellant failed to nonfrivolously allege that he was subjected to such a "significant change" in his working conditions. ID at 8. He therefore dismissed the appellant's IRA appeal for lack of jurisdiction. ID at 9.

The appellant has filed a petition for review, merely stating that the appeal was wrongly decided based on the evidence in the record.[5] Petition for Review (PFR) File, Tab 2. The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

### The appellant failed to nonfrivolously allege that he was threatened with a personnel action.

In order to prevail in his IRA appeal, the appellant must prove that the agency threatened, proposed, took, or failed to take a "personnel action," as defined in 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. § 2302(b)(8), (b)(9); *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). The term "threatened" is afforded a broad interpretation, such that an agency does not have to state that disciplinary action is being proposed or specifically reference a particular kind of discipline in order to constitute a threatened personnel action. *Gergick v. General Services Administration*, 43 M.S.P.R. 651, 656-57 (1990). Nevertheless, for a statement to constitute a threat of a personnel action, the agency must take some action signifying its intent to take a personnel action. *Rebstock*, 122 M.S.P.R. 661, ¶ 12.

Here, the litigation hold notice informed the appellant, in pertinent part, that a failure to follow rules requiring the protection of documents pertinent to his wife's litigation "could expose both the [agency] and possibly various [agency] employees to significant sanctions," and that the destruction of covered documents without authorization "may subject you and the [agency] to sanctions or other adverse consequences." IAF, Tab 7 at 12. We find that the appellant

---

[5] The appellant sought review of the initial decision with the Equal Employment Opportunity Commission, which denied his request for review. Petition for Review File, Tab 1.

failed to nonfrivolously allege that this notice constitutes a threat of a personnel action for the following reasons: (1) the language in the notice is conditional in nature; (2) rather than seeking to correct past misconduct or poor performance, the notice merely informed the appellant of his responsibilities to the agency relating to his wife's litigation that he may not have been familiar with; and (3) the "sanctions" and "adverse consequences" mentioned in the notice were undefined and not necessarily directed at the appellant as the notice mentioned possible sanctions against the agency if pertinent documents were lost.[6] *Cf. Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶¶ 7-8 (2002) (finding that the appellant was threatened with a personnel action when he was issued a memorandum of warning that described his recent conduct, indicated that the conduct bordered on insubordination, and unequivocally stated that if there were any further instances of such conduct he would be charged with an offense for which he could be removed); *Koch v. Securities & Exchange Commission*, 48 F. App'x 778, 787 (Fed. Cir. 2002)[7] ("A wide range of agency rules, directives, and counseling measures contain the message, implicit or explicit, that failure to follow those directives or to meet expectations may have adverse consequences . . . [N]ot all such general statements . . . constitute actionable 'threats' to take adverse action within the meaning of the Whistleblower Protection Act.").

The appellant failed to nonfrivolously allege that he suffered a significant change in duties, responsibilities, or working conditions.

Although it is unclear whether the appellant exhausted with OSC his claim that he was subjected to a "significant change" in his working conditions, the administrative judge proceeded to discuss the appellant's claim, ultimately

---

[6] *See Kirkendall v. Department of the Army*, 573 F.3d 1318, 1327 (Fed. Cir. 2009) (finding that, in litigation before the Board, agencies can be subjected to an adverse inference sanction for the negligent loss of evidence).

[7] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

concluding that the appellant failed to nonfrivolously allege that he suffered a significant change in duties, responsibilities, or working conditions. ID at 6-8. Any error in the administrative judge's reasoning in this regard is of no significance as he ultimately dismissed the appeal for lack of jurisdiction. *See Clark v. Department of the Army*, 93 M.S.P.R. 563, ¶¶ 8-9 (2003) (finding it immaterial whether the appellant exhausted his OSC remedy because the Board lacked jurisdiction over his IRA appeal on other grounds), *aff'd*, 361 F.3d 647 (Fed. Cir. 2004). Because the administrative judge did not have the benefit of the Board's recent decision in *Skarada*, 2022 MSPB 17, in considering the appellant's claim, we modify the initial decision to apply the recent precedent.

Under the Whistleblower Protection Act (WPA), "personnel action" is defined as including a "significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii); *Skarada*, 2022 MSPB 17, ¶ 14. In *Skarada*, we clarified that while the term "hostile work environment" has a particular meaning in other contexts, allegations of a hostile work environment may establish a personnel action under the WPA only if they meet the statutory criteria, i.e., constitute a significant change in duties, responsibilities, or working conditions. *Skarada*, 2022 MSPB 17, ¶ 16. We further explained that although the "significant change" personnel action should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Id*.

Even without the benefit of *Skarada*, the administrative judge found that to establish a "significant change" personnel action, the appellant had to show that the agency's actions in this case, either individually or cumulatively, had a significant change in his working conditions, duties, or responsibilities. ID at 6-7. We find that this provided the appellant with sufficient notice as to how,

on review, he could nonfrivolously allege that he was subjected to such a "significant change" personnel action. *See Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007) (finding that the failure to provide an appellant with proper jurisdictional notice in an acknowledgment order or show-cause order can be cured if the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction so as to afford her the opportunity to meet her jurisdictional burden for the first time on review), *overruled on other grounds by Brookins v. Department of the Interior*, 2023 MSPB 3.

On review, the appellant does not argue that he nonfrivolously alleged that the agency's actions in this case, either individually or cumulatively, had a significant change in his working conditions, duties, or responsibilities. PFR File, Tab 2. Nor, after reviewing the record, do we find that the appellant made such a nonfrivolous allegation regarding the agency's actions of commanding him to appear for a deposition and ordering him to preserve any documents pertinent to his wife's Board appeal.

We therefore dismiss this IRA appeal for lack of jurisdiction.

**NOTICE OF APPEAL RIGHTS[8]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of <u>all</u> available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.