## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLORIA KIRK,

        Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
AT-0752-19-0448-I-1

DATE: May 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gloria Kirk, Hollywood, Florida, pro se.

Joved Gonzalez-Rivera, Esquire, Mayaguez, Puerto Rico, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal,[2] we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's reference to her veterans' preference rights, we AFFIRM the initial decision.

The appellant, a preference-eligible in the excepted service, does not challenge the administrative judge's finding that the undisputed facts demonstrate that she did not have 1 year of current continuous service or otherwise meet the definition of an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights. Petition for Review (PFR) File, Tab 1 at 4-10; Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 3; *see* 5 U.S.C. § 7511(a)(1)(B)(i). Rather, she maintains that she has submitted to the Board all of the relevant documentation supporting her termination appeal and she repeats her statement that the agency "fired" her a "few days" prior to the end of her first year of employment. PFR File, Tab 1 at 4, 9; IAF, Tab 7 at 4. She repeats her arguments challenging the result of her equal employment opportunity (EEO) complaint against the agency. PFR File, Tab 1 at 4-10. The appellant also resubmits copies of her initial appeal and extensive documentation related to her EEO complaint. *Id.* at 11-181; IAF, Tab 1 at 4-177.

---

[2] We have not considered the agency's response to the petition for review because the agency filed it 1 day late and failed to request an extension of time or file a motion showing good cause for the untimely filing, as required by the Board's regulations. Petition for Review File, Tab 2 at 1, Tab 3; *see Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 6 n.* (2012); 5 C.F.R. § 1201.114(e)-(g).

The administrative judge correctly found that, because the appellant undisputedly lacks 1 year of current continuous service, she has not made a nonfrivolous allegation that she is an "employee" under 5 U.S.C. § 7511(a)(1)(B), and the Board therefore lacks jurisdiction over her appeal pursuant to 5 U.S.C. chapter 75. ID at 2-3; *see Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶ 9 (2006); *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (holding that an appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations[3] of Board jurisdiction). As set forth in the initial decision, the Board lacks jurisdiction over the appellant's discrimination and retaliation claims absent an otherwise appealable action. ID at 3 (citing *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982)); *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

The appellant has alleged generally that the agency "violated the law related to Veterans' Preference of my 10% preference," and she has stated that she would "like to file a case with DOL/VETS." IAF, Tab 1 at 6-7; PFR File, Tab 1 at 6-7.[4] The Veterans Employment Opportunities Act of 1998 (VEOA), codified at 5 U.S.C. § 3330a, provides a process to seek a remedy regarding allegations of a violation of veterans' preference rights, which begins with a complaint to the Secretary of Labor within 60 days after the date of the alleged violation. The appellant's own pleadings indicate that she has not filed such a complaint. Thus, the Board lacks jurisdiction over this matter as a VEOA appeal. *See, e.g.*, *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (explaining that, to establish jurisdiction over a VEOA appeal, an appellant must, among other things, show that she exhausted her remedies with the Department of Labor); *see also Clark v. Department of the Army*, 93 M.S.P.R.

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[4] The nature of her allegation is unclear, particularly as veterans' preference rules appear only to apply to hiring and retention during a reduction in force. *See Livingston v. Office of Personnel Management*, 105 M.S.P.R. 314, ¶ 15 (2007).

563, ¶ 9 (2003) (finding it unnecessary to remand for a jurisdictional show-cause order when the appellant's own allegations and unrefuted evidence demonstrated that the Board lacked jurisdiction), *aff'd*, 361 F.3d 647 (Fed. Cir. 2004).

The Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) prohibits discrimination based on a person's service—or application or obligation for service—in a uniformed service. 38 U.S.C. § 4311; 5 C.F.R. § 1208.2(a). To the extent that the appellant believes her termination was based on such prohibited discrimination, she may file a USERRA appeal directly with the Board or may file a complaint with the Secretary of Labor under 38 U.S.C. § 4322. *See* 38 U.S.C. § 4324; 5 C.F.R. §§ 1208.11 (explaining the choice of procedure under USERRA), 1208.12 (regarding the time for filing a USERRA appeal). Her expression of interest in "fil[ing] a case with DOL/VETS," IAF, Tab 1 at 6-7; PFR File, Tab 1 at 6-7, suggests she may wish to avail herself of the latter process rather than a direct Board appeal. In any event, we refer the appellant to the Board's regulations at 5 C.F.R. part 1208, subparts A-B, which provide additional information about practices and procedures for USERRA appeals, which she should follow to the extent she wishes to pursue such a claim.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.