**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMIE B. SWIDECKI, | DOCKET NUMBER |
| Appellant, | SF-3443-20-0581-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE, | DATE: December 11, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jamie B. Swidecki, Bakersfield, California, pro se.

Kristin Murrock, Suitland, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal regarding the delay in his position's start date. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

¶2      On his initial appeal form, the appellant indicated that he is a 10-point preference-eligible Vietnam War veteran. Initial Appeal File (IAF), Tab 1 at 1. In his petition for review, he asserts for the first time that the agency office manager did not like veterans. Petition for Review File, Tab 1 at 1. At no point, however, has the appellant asserted that the agency delayed in having him report for duty because of his military service. Thus, even considering the liberal construction standard for claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and the appellant's pro se status, the appellant's assertions do not nonfrivolously allege USERRA jurisdiction. *See Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 & n.1 (2010)

---

[2] On review, the appellant asserts for the first time various, purported improper actions by the officer manager and other agency employees. Petition for Review File, Tab 1 at 1. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant makes no such showing, and these arguments are not material to the administrative judge's determination that he failed to make a nonfrivolous allegation of Board jurisdiction over his appeal. It is well settled that the Board does not have jurisdiction over all matters that are unfair or incorrect. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 14 (2009), *aff'd* 361 F. App'x 134 (Fed. Cir. 2010); *Preece v. Department of the Army*, 50 M.S.P.R. 222, 226 (1991).

(stating that to establish Board jurisdiction over a USERRA appeal, an appellant must allege, among other things, that the agency's action was due to his performance of duty or obligation to perform duty in the uniformed service).

¶3    We recognize that the administrative judge did not provide the appellant with notice of the specific jurisdictional requirements of a USERRA claim. But the appellant's mere assertion of his preference-eligible veteran status — the only mention of his uniformed service below — did not raise a USERRA issue that would trigger a requirement of detailed notice under *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). IAF, Tab 1 at 1, 5; *cf. Brehmer v. U.S. Postal Service*, 106 M.S.P.R. 463, 471 (2007) (McPhie, concurring in part and dissenting in part) (concurring in the decision to remand the case for proper *Burgess* notice and adjudication of the appellant's constructive suspension claim which the appellant "clearly raised" and the administrative judge did not address). Further, the appellant did not respond to the prompt in the acknowledgement order informing him of the availability of a USERRA claim, notifying him of the sufficiency of a nonfrivolous allegation to establish jurisdiction over such a claim, and stating that if he indicated an intent to pursue a USERRA claim, he would be informed of the specific jurisdictional requirements. IAF, Tab 2 at 4-5 & n.2. To the extent the appellant ever intended to assert a USERRA claim, an appellant who ignores an order of an administrative judge "does so at his or her peril." *Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Under these circumstances, we find that the absence of detailed jurisdictional notice does not provide a basis to disturb the initial decision.

¶4    Finally, to establish Board jurisdiction over an appeal brought under the Veterans Employment Opportunities Act of 1998 (VEOA), an appellant must, among other things, show by preponderant evidence that he exhausted his remedy with the Department of Labor (DOL). *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 5 (2016). The appellant asserted below that he did not file a complaint

regarding this matter with DOL. IAF, Tab 1 at 4. To the extent the appellant sought to raise a VEOA claim below in asserting his preference-eligible status, the record thus shows that the Board plainly lacked jurisdiction over it. Any error by the administrative judge in not informing the appellant of the specific jurisdictional requirements of a VEOA claim was thus harmless, providing no ground for relief. *See Clark v. Department of the* Army, 93 M.S.P.R. 563, ¶¶ 8-9 (2003) (finding that any omission in the notice of jurisdictional requirements provided to an appellant did not prejudice his substantive rights when his own allegations and the unrefuted evidence showed that the Board lacked jurisdiction over his appeal), *aff'd* 361 F.3d 647 (Fed. Cir. 2004).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board
Washington, D.C.