NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**PATRICIA ANN CRANDALL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2024-1373

_____

Petition for review of the Merit Systems Protection Board in No. SF-3443-18-0312-I-1.

_____

Decided:  November 14, 2024

_____

PATRICIA ANN CRANDALL, Antelope, CA, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before LOURIE, STOLL, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Patricia Ann Crandall appeals from a final decision of the Merit Systems Protection Board ("the Board") dismissing Crandall's administrative appeal for lack of jurisdiction. *Crandall v. Dep't of Def.*, No. SF-3443-18-0312-I-1, 2023 WL 8707094 (M.S.P.B. Dec. 15, 2023) ("*Final Order*"), R.A. 1–8; *Crandall v. Dep't of Def.*, No. SF-3443-18-0312-I-1, 2018 WL 2307171 (M.S.P.B. May 18, 2018) ("*Initial Decision*"), R.A. 9–23.[1]

For the following reasons, we *affirm*.

## BACKGROUND

For over 28 years, Crandall was employed with the Army & Air Force Exchange Service ("the AAFES"), a nonappropriated fund instrumentality ("NAFI")[2] operating under the Department of Defense ("the agency"). *See Initial Decision*, R.A. 9–10. The AAFES terminated Crandall on December 17, 2017, based on allegations of misconduct. *Id.*, R.A. 10. Crandall filed an appeal at the Board on March 1, 2018, asserting that she had been wrongfully terminated in part due to prior complaints she had raised regarding the store manager and work environment. *Id.*; *see also* R.A. 74–93 (Crandall's Initial MSPB Appeal Submission).

---

[1] "R.A." refers to the appendix filed with Respondent's brief.

[2] *See Taylor v. U.S.*, 303 F.3d 1357, 1358–59 (Fed. Cir. 2002) ("As a NAFI, AAFES's monies do not come from congressional appropriations but rather primarily from [its] own activities, services, and product sales. Hence, the government does not assume AAFES's obligations in the manner that it assumes the obligations of appropriated funds agencies." (alteration in original) (internal quotation marks and citations omitted)).

On March 8, 2018, the Board issued an Acknowledgement Order notifying Crandall that the Board might lack jurisdiction over her appeal. *Initial Decision*, R.A. 10; *see also* R.A. 53–73 (Administrative Order). Specifically, the order noted that the Board may not have jurisdiction over the appeal because it appeared that Crandall was a NAFI employee under 5 U.S.C. § 2105(c). Under that statute, such an employee "is deemed not an employee for the purpose of [ ] laws administered by the Office of Personnel Management." 5 U.S.C. § 2105(c). And because the adverse action provisions of Title 5 are laws administered by the Office of Personnel Management, it appeared that Crandall did not have a right to appeal an adverse action under 5 U.S.C. § 7513(d). R.A. 54; *see Clark v. Merit Sys. Prot. Bd.*, 361 F.3d 647, 650 (Fed. Cir. 2004) ("adverse action provisions of Title 5 are laws administered by the Office of Personnel Management for purposes of 5 U.S.C. § 2105(c)").

Crandall's subsequent pleadings did not dispute the potential lack of jurisdiction or provide any "material tending to show by preponderant evidence that the agency subjected her to an action falling within the Board's appellate jurisdiction." *Initial Decision*, R.A. 14. Accordingly, on May 18, 2018, the Administrative Judge ("AJ") issued the Board's *Initial Decision* dismissing Crandall's appeal for lack of jurisdiction. *Id.* On June 12, 2018, Crandall filed a petition for review by the full Board. *Final Order*, at *1. The Board denied the petition, explaining that "the [AJ] correctly found that [Crandall] was an employee of a [NAFI], and thus lacked appeal rights under chapter 75 and was not covered by the whistleblower protections in 5 U.S.C. § 2302(b)." *Id.* The Board's *Initial Decision* therefore became its *Final Order* on December 15, 2023. *Id.*

Crandall appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b).

DISCUSSION

We review the Board's jurisdictional determinations *de novo*. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017). The Board is a tribunal with limited jurisdiction, "only permitted to hear matters as granted by law, rule, or regulation." *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380–81 (Fed. Cir. 2024) (citing *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985)); *see also* 5 U.S.C. § 7701(a). Crandall, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1212–13 (Fed. Cir. 2003).

A federal employee subject to an adverse employment action is generally entitled to an appeal to the Board. *See* 5 U.S.C. § 7513(d). An employee of a NAFI, however, is statutorily deemed "not an employee" for the purpose of laws administered by OPM. *Id.* § 2105(c). Because the adverse action provisions of chapter 75 are administered by OPM, an employee of a NAFI therefore has no right to appeal such an action to the Board. *Clark*, 361 F.3d at 650–51. A NAFI employee also has no appeal rights under 5 U.S.C. § 2302(b)(8)—the whistleblower protection provision. *See id.*, 361 F.3d at 651 ("The language of [§§ 1214(a)(3), 1221(a)] makes them applicable to 'employees' and does not modify the definition of 'employees' as set forth in 5 U.S.C. § 2105.").

Crandall submits on appeal that she was the subject of "wrongful termination" and that despite filing a grievance after she was given her final separation for cause, such grievance "fell on deaf ears, and was not even considered." *See* ECF No. 22 at 1–2 (memorandum in lieu of oral argument). There is, however, no dispute that Crandall was, at all times relevant to this appeal, a NAFI employee of the AAFES. Indeed, Crandall did not dispute her employment type before the Board and only argues on appeal that she has told the "truth" and that her "statements package was not taken seriously." Appellant's

Br. 2–3. There is similarly no dispute that employees of a NAFI are not entitled to an appeal to the Board under 5 U.S.C. § 7513(d). Because Crandall does not contest that she was an employee of a NAFI at any time relevant to her claim, she has not met her burden of establishing that the Board had jurisdiction over her claim for wrongful termination.

To the extent that the Crandall's claim can be viewed as one for retaliation arising from whistleblower activities, the Board again correctly concluded that it lacked jurisdiction over her claim. As we held in *Clark*, "an employee serving in an NAF[I] position has no right of appeal to the Board for alleged violations of the Whistleblower Protection Act." *Clark*, 361 F.3d at 651.

We acknowledge Crandall's more than 28 years of employment with the AAFES and her allegations that she was subjected to unfair treatment during her employment. But even if her allegations were to have merit, we are nevertheless compelled to affirm the Board's determination that it lacked the authority to review her claims as a matter of law. As the Board explained, "the record did not evince any [ ] apparent basis for Board jurisdiction." *Initial Decision*, R.A. 14. Put simply, because Crandall was an employee of AAFES, and AAFES employees are not the type of employees that are entitled to an appeal to the Board, the Board lacked the authority to evaluate her claims.

## CONCLUSION

We have considered Crandall's remaining arguments and find them unpersuasive. For the foregoing reasons, we conclude that the Board did not err in holding that it lacked jurisdiction over Crandall's appeal. Accordingly, the Board's decision is *affirmed*.

## AFFIRMED

## COSTS

6                                                          CRANDALL v. MSPB

No costs.